UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KRISTOPHER TINGLE,<br>Plaintiff,<br>v.<br>STATE OF CALIFORNIA, et al.,<br>Defendants. | Case No. 24-cv-00929-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a prisoner housed at Alameda County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

6   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

8   U.S. 42, 48 (1988).

**B.    Complaint**

Plaintiff names as defendants the State of California; former Alameda County District Attorney Nancy O'Malley; Alameda County public defender Brendon D. Woods; Oakland Police Department ("OPD") officers Sarah Hicks and Caesar Basa and detective McClain; former Alameda County Deputy District Attorney Amilcar Ford; and Alameda County Jail – Santa Rita.

The complaint alleges the following.  The State of California has employed various persons in the criminal justice system that have violated Plaintiff's rights.  Defendant former Alameda County District Attorney O'Malley employed and enable a group of police officers and attorneys to fraudulently prosecute Plaintiff in 2005, and employed a known gang called "The Riders," some of whom have been federally prosecuted.  Defendant Alameda County public defender Brendon D. Woods and members of the Alameda County Public Defender's Office violated Plaintiff's rights by incompetently representing him in 2015 to 2016 despite having a conflict of interest, due to their simultaneous representation of others who were a part of Plaintiff's case and were witnesses for the District Attorney's Office.  Defendant OPD officer Hicks violated Plaintiff's rights when she conspired to have him convicted of a crime that she knew he did not commit, as she had seen video evidence of a different man carrying a bat in 2015.  Defendants OPD officer Bass and Alameda County deputy district attorney Ford threatened and intimidated a witness, telling the witness to lie and threatening to send the Riders after the witness, for the purpose of maliciously prosecuting Plaintiff and as part of a conspiracy to have Plaintiff convicted for a crime he did not commit.  Defendant Santa Rita Jail allowed Plaintiff to be stabbed 12 times

1    while in custody.  *See generally* Dkt. No. 1.

2    **C.     Dismissal with Leave to Amend**

3         The Court DISMISSES the complaint with leave to amend because it suffers from the
4    following deficiencies.

5         First, the complaint proffers vague and conclusory allegations.  It is unclear what
6    happened.  It is unclear how defendant Hicks' false report or defendants Basa and Ford's alleged
7    witness intimidation caused Plaintiff to be falsely and maliciously prosecuted.  It is unclear whether
8    there was one malicious prosecution, or if each defendant's actions resulted in a separate
9    malicious prosecution.  It is also unclear for what crime Plaintiff was allegedly maliciously and
10   falsely prosecuted.  It is also unclear what specific right was violated by each named defendant,
11   and if any federal law or constitutional provision was violated, as is required for federal question
12   jurisdiction and for bringing an action pursuant to 42 U.S.C. § 1983.  The complaint repeatedly
13   states that each defendant "violated Plaintiff's rights," without further detail.

14        Second, the complaint violates the joinder rule set forth in Fed. R. Civ. P. 20(a)(2).  Rule
15   20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to
16   relief is asserted against them jointly, severally, or in the alternative with respect to or arising out
17   of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question
18   of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The
19   upshot of these rules is that "multiple claims against a single party are fine, but Claim A against
20   Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*,
21   507 F.3d 605, 607 (7th Cir. 2007).  The claim against Santa Rita Jail arises out of a separate
22   occurrence as the claims regarding malicious/false prosecution against the other named
23   defendants, and must be brought in a separate action.  In this action, Plaintiff may only pursue
24   relief for acts that arise out of the same transaction, occurrence, or series of transactions or
25   occurrences, and share a common question of law or fact.  To seek relief for claims arising out of
26   other incidents or raising different questions of law, Plaintiff must bring separate actions.

27        Third, Plaintiff's claims may be barred by the *Heck* doctrine.  Pursuant to *Heck v.*
28   *Humphrey*, 512 U.S. 477 (1994), a court must dismiss a Section 1983 action where the plaintiff's

3

success in the action would necessarily imply the invalidity of the plaintiff's conviction or sentence, and the conviction or sentence has not yet been invalidated. *Id*. at 486–87. Where the conviction or sentence has not yet been invalidated, the Section 1983 suit is barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or internal prison proceedings), *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), and the suit should be dismissed, *see Edwards v. Balisok*, 520 U.S. 641, 649 (1997). Plaintiff appears to be alleging that he was falsely convicted due to Defendants' unlawful actions. It is possible that success on Plaintiff's claims would necessarily invalidate any conviction or sentence arising from the alleged malicious or false prosecution, and if so the Court is precluded from considering these claims pursuant to the *Heck* doctrine.[1]

Fourth, there is no Section 1983 liability simply because an individual supervised or employed the alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right). Accordingly, the complaint fails to state a claim against defendants the State of California, O'Malley, and Santa Rita Jail because their only participation in the alleged wrongful conduct is employing the alleged wrongdoers.

Fifth, conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey*, 693 F.3d at 935. It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.* Conspiracy may, however, enlarge the pool of responsible defendants by demonstrating their causal connection to the violation. *Id.*

The Court DISMISSES the complaint, but GRANTS Plaintiff leave to file an amended complaint to address the identified deficiencies. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by

---

[1] If Plaintiff has been convicted and the conviction and sentence have not been invalidated or expunged, his claim for malicious prosecution likely fails as a matter of law. To bring a claim for malicious prosecution, a plaintiff must allege that the criminal proceedings were terminated in his favor. *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (Section 1983 claim for malicious prosecution requires that criminal proceedings have terminated in favor of accused).

4

allegation of other facts).

In preparing an amended complaint, the Court provides Plaintiff with the following guidance. In setting forth his legal claims, Plaintiff should list the alleged constitutional provision or federal law violated; identify by name the individual who committed the alleged constitutional or federal law violation; and specify what the individual did, or did not do, that was either unlawful or unconstitutional. While Rule 8 does not require detailed factual allegations, Plaintiff should not rely on a general allegation of violation of his rights.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 24-00929 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaint. *See Lacey*, 693 F.3d at 925. Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 6/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

5