UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KRISTOPHER TINGLE,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 24-cv-00929-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 12 |

Plaintiff, a prisoner housed at Santa Rita Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. On June 17, 2024, the Court dismissed the complaint for failure to state a claim because *inter alia* the complaint only offered vague and conclusory allegations; it was unclear what happened; the complaint violated the joinder rule set forth in Fed. R. Civ. P. 20(a)(2); and the complaint's allegations that he had been wrongfully convicted were likely barred by the *Heck* doctrine. Dkt. No. 9. The Court granted Plaintiff leave to file an amended complaint to address the identified deficiencies, and ordered Plaintiff to file an amended complaint by July 15, 2024 or face dismissal of this action. *Id.* Plaintiff has requested a 90-day extension of time to file his amended complaint, stating that there has been a "second (2d) filing of a malicious and fraudlent (sic) action by Alameda County with a charge of murder that had been dismissed once before based on actual innocence," and that there have been numerous violations of Plaintiff's constitutional rights committed by numerous actors acting under color of state law. Dkt. No. 10. The Court GRANTS IN PART AND DENIES IN PART Plaintiff's request for an extension of time to file his amended complaint. It appears that Plaintiff seeks more time so that he can add additional claims. However, these claims likely are barred by the joinder rule set forth in Fed. R. Civ. P. 20; may be barred by the *Heck* doctrine, which prohibits 42 U.S.C. § 1983 actions where

success in the action would necessarily imply the invalidity of the plaintiff's conviction or sentence, and the conviction or sentence has not yet been invalidated, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); or barred by the *Younger* or *O'Shea* abstention doctrines, which discourage federal courts from interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances, *see Younger v. Harris*, 401 U.S. 37, 43-54 (1971), or granting relief "relief that would entail heavy federal interference in such sensitive state activities as administration of the judicial system," *O'Shea v. Littleton*, 414 U.S. 488 (1974). Accordingly, Plaintiff has not shown good cause for an extension of time to file his amended complaint. Nonetheless, in the interests of justice, the Court GRANTS Plaintiff an extension of time to **September 3, 2024** to file his amended complaint. No further extensions of time will be granted. Failure to file an amended complaint by the deadline provided in this action may result in this action being dismissed without further notice to Plaintiff for failure to prosecute.

This order terminates Dkt. No. 12.

**IT IS SO ORDERED.**

Dated: 8/1/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge